**NOT FOR PUBLICATION**

FILED

JUN 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10448 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00541-SI |
| v. | |
| JOHN CHING EN LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before: WARDLAW and NGUYEN, Circuit Judges, and OLIVER,[**] District
Judge.

Appellant John Ching En Lee ("Lee") appeals the district court's denial of his

motion for judgment of acquittal following his jury trial conviction for making a false

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Solomon Oliver, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

statement to federal agents on the grounds that there was insufficient evidence of the false statement made to satisfy the elements of 18 U.S.C. § 1001(a)(2), and that the district court erred by failing to specifically instruct the jury on unanimity relative to which false statement Lee made. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review whether there was sufficient evidence to support a jury conviction *de novo*. *U.S. v. Vazquez-Hernandez*, 849 F.3d 1219, 1229 (9th Cir. 2017). There was ample evidence before the jury from which it could conclude that the questions the investigators asked Lee, numerous times in numerous iterations, about funding his wife's business were not misleading. Despite their clarity, Lee did not admit that he had provided her a bank loan. *See U.S. v. Jiang*, 476 F.3d 1026, 1028–30 (9th Cir. 2007). Lee's argument that these questions cannot support a conviction under § 1001(a)(2) has no merit, because a statement does not need to be recorded or transcribed in order to support a conviction. *Id*. Moreover, the false statement was material because the agents' testimony demonstrated it changed the scope of their investigation. *See U.S. v. De Rosa*, 783 F.2d 1401, 1408 (9th Cir. 1986). Thus, there was sufficient evidence to satisfy the elements of falsity, specific intent, and materiality under 18 U.S.C. § 1001(a)(2) given the lack of ambiguity in the possible versions of the question posed as recalled by the agents during their

2

testimony at trial; the context of the interview and Lee's background and experience; the agents' testimony as to the scope and course of their investigation; and the absence of other extrinsic factors weighing against conviction. *See Jiang*, 476 F.3d at 1029–30; *U.S. v. Serv. Deli Inc.*, 151 F.3d 938, 941 (9th Cir. 1998).

2. Because Lee failed to preserve his objection to the district court's failure to give a specific unanimity instruction for appeal, by stipulating to the false statement he allegedly made, we review the district court's failure to instruct the jury on specific unanimity for plain error. *See U.S. v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994); Fed. R. Crim. P. 30. Plain error is "error that is clear under the law and affects substantial rights." *Campbell*, 42 F.3d at 1204. The district court did not plainly err because a specific unanimity instruction was not required in this case. The general unanimity instruction was sufficient to charge the jury on the relevant law as there was considerable evidence presented at trial to support the parties' stipulation regarding the false statement Lee allegedly made. *See* 9th Cir. Model Crim. Jury Instructions §§ 7.9, 8.73.

**AFFIRMED.**